```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/16/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
MARCELLA VERA,                                       :
                                                     :
                              Plaintiff,             :
            -against-                                :
                                                     :      24-CV-8954 (VEC)
                                                     :
AMAZON LOGISTICS INC., JB COAST                      :            ORDER
TRUCKING LLC, JUAN QUILA MORAN, and                  :
JOHN DOE, FICTITIOUS NAME AS TRUE                    :
NAME IS UNKNOWN TO PLAINTIFF AT THIS                 :
TIME,                                                :
                                                     :
                              Defendants.            :
------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

      WHEREAS on August 18, 2022, Plaintiff filed a Summons and Complaint against Defendants Amazon Logistics Inc. and John Doe in the Supreme Court of the State of New York, Bronx County, *see* Dkt. 6-1;

      WHEREAS on March 21, 2024, Plaintiff filed an Amended Summons and Amended Verified Complaint that added Defendants JB Coast Trucking LLC and Juan Quila Moran ("Removing Defendants"), *see* Dkt. 6-2;

      WHEREAS Plaintiff alleges that Removing Defendants were negligent in a motor vehicle collision, causing injury to Plaintiff, *id.*;

      WHEREAS on November 22, 2024, Removing Defendants removed the case to this Court and allege this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), *see* Not. of Removal, Dkt. 2; Am. Not. of Removal, Dkt. 6;

WHEREAS a case may not be removed on the basis of diversity jurisdiction more than one year after the commencement of the action unless the Court finds Plaintiff has acted in bad faith, 28 U.S.C. § 1446(c)(1);

WHEREAS on November 26, 2024, the Court ordered Removing Defendants to either (a) file an amended notice of removal that includes adequate factual allegations to show that the notice of removal was filed within 30 days of learning that the amount in controversy exceeded the jurisdictional threshold and that shows Plaintiff acted in bad faith in order to prevent a defendant from removing the action; or (b) show cause why this case should not be remanded for lack of removal jurisdiction, Dkt. 3;

WHEREAS Removing Defendants responded to the Court's Order at Dkt. 3 but failed to adequately explain why removal did not run afoul of the one-year statutory cap on removal in diversity actions, Dkts. 4–5;

WHEREAS Removing Defendants amended their notice of removal and raised the following allegations of bad faith to support tolling of the one-year removal limitation: (1) Removing Defendants contacted Plaintiff's counsel on November 21, 2024, to discuss claimed injuries and Plaintiff's settlement demand, and Plaintiff acted in bad faith by never returning the call; and (2) Plaintiff failed to notify Removing Defendants' insurer carrier that they had been added to the case until July 2024, Am. Not. of Removal ¶¶ 19, 24;

WHEREAS "removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand," *Am. Standard, Inc. v. Oakfabco, Inc.*, 498 F. Supp. 2d 711, 715 (S.D.N.Y. 2007) (citation omitted), and the Court "has a 'continuing obligation to satisfy [itself] that federal jurisdiction over the matter before [it] is proper,'" *Cruz v. Stop & Shop Supermarket Co. LLC*, No. 19-CV-11565 (RA), 2020 WL 3430193, at *2 (S.D.N.Y. June 23, 2020) (quoting *Filsaime v. Ashcroft*, 393 F.3d 315, 317 (2d Cir. 2004));

WHEREAS the Second Circuit has not explained the scope of the bad faith exception to § 1446(c)(1), but "courts in this Circuit [have] granted equitable extensions of the one-year removal period in cases where the plaintiff has engaged in strategic gamesmanship to prevent a defendant's removal from state court," *id.* at *3 (citation omitted);

WHEREAS in order to establish bad faith, courts examine whether there is sufficient evidence establishing that a plaintiff acted strategically to prevent removal, such as by waiting until just after the one-year anniversary of an action's commencement to take action, *see id.* at *3–4; and

WHEREAS the Court cannot infer bad faith from actions taken after the one-year removal period had expired, as such actions are completely disconnected from any delay in filing the amended pleadings, and in all events, are innocuous;[1]

IT IS HEREBY ORDERED that this case is REMANDED. The Clerk of Court is respectfully directed to remand this case to state court.

**SO ORDERED.**

Date: **December 16, 2024**
**New York, New York**

**VALERIE CAPRONI**
**United States District Judge**

---

[1] This action was removed on November 22, 2024, one day after Removing Defendants called Plaintiff and learned from their Co-Defendants that the settlement demand in this case exceeded the amount-in-controversy requirement. Am. Not. of Removal ¶¶ 19–21. Nothing in the Amended Notice of Removal suggests that Plaintiff acted in bad faith in delaying adding Removing Defendants to the case.